```
 1  NICOLA T. HANNA
    United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM (Cal. Bar No. 110984)
    Assistant United States Attorney
 6  Asset Forfeiture Section
         1400 United States Courthouse
 7       312 North Spring Street
         Los Angeles, California 90012
 8       Telephone: (213) 894-5710
         Facsimile: (213) 894-7177
 9       E-mail: Frank.Kortum@usdoj.gov

10  Attorneys for
    UNITED STATES OF AMERICA
11
                     UNITED STATES DISTRICT COURT
12
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
                             WESTERN DIVISION
14
    IN THE MATTER OF THE SEIZURE OF   CR MISC. No. 18CM00361
15  $11,770.61 IN ACCOUNT FUNDS
    FROM BANK OF AMERICA ACCOUNT      EX PARTE APPLICATION TO EXTEND THE
16  NO. '3362.                        CIVIL FORFEITURE COMPLAINT FILING
                                      DEADLINE; MEMORANDUM OF POINTS AND
17                                    AUTHORITIES; DECLARATION OF JESSIE T.
                                      MURRAY
18
19                                    [PROPOSED] ORDER LODGED CONCURRENTLY
                                      HEREWITH
20
21
22
```

23       Pursuant to 18 U.S.C. § 983(a)(3)(A), plaintiff United States of

24  America (the "government") respectfully applies to this Court for an

25  order extending from March 8, 2018 to June 4, 2018, the time in which

26  the United States is required to file a complaint for forfeiture

27  and/or to obtain an indictment alleging forfeiture, against the

28  $11,770.61 in Account Funds from Bank of America Account No. '3362

1 (the "seized asset"). The Federal Bureau of Investigation ("FBI")
2 seized this asset pursuant to a federal seizure warrant on or about
3 October 10, 2017, within the Central District of California, and
4 thereafter timely commenced administrative forfeiture proceedings
5 against them. Claimant Marcus B. Tromp ("Claimant" or "Tromp") filed
6 timely administrative claims in that proceeding.
7     This application is made on the ground that good cause exists to
8 extend the complaint filing deadline because requiring the government
9 to file a civil forfeiture complaint would jeopardize an ongoing
10 criminal investigation. This application is based on the
11 accompanying Memorandum of Points and Authorities and Declaration of
12 Jessie T. Murray, and on such further evidence and argument as the
13 Court may consider in the event a hearing is held on this
14 application.
15     On March 1, 2018, government counsel contacted Thomas M. Brown,
16 Esq. (counsel for Claimant) to request that Claimant stipulate to a
17 90-day extension of the deadline for filing a civil forfeiture
18 complaint. Claimant's counsel declined to enter into such a
19 stipulation. Government counsel accordingly informed claimant's
20 counsel of the government's intention to file this <u>ex parte</u>
21 application. Claimant's counsel advised of his intent to oppose the
22 application. <u>See</u> Exh. "A." The contact information for claimant's
23
24 ///
25
26 ///
27
28

counsel is Thomas M. Brown at Brown, White & Osborn LLP, 333 S. Hope Street, 40th Floor, Los Angeles, CA 90071, telephone (213) 613-9494, fax (213) 613-0550, email: tbrown@brownwhitelaw.com.

Dated: March 7, 2018
NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_/s/ Frank D. Kortum_
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

The Federal Bureau of investigation ("FBI") is investigating allegations that Pacific College operated a scheme to defraud both its students and the United States Department of Education ("DofE"). Pacific College is a for-profit nursing school located in Costa Mesa, California.  Declaration of Jessie T. Murray ¶ 3.

This scheme is alleged to have begun in approximately 2012, and involved, among other things, inflated grades, falsified attendance records, and the issuance of passing grades to failing students.  As part of the scheme, Pacific College is alleged to have falsely represented to DofE that the school's students were making satisfactory academic progress and that the school was therefore eligible to receive Federal Student Aid funds ("FSA funds") from DofE.  Had DofE known the true facts, it would not have released the FSA funds to Pacific College.  Id. ¶ 4.

Pacific College is also alleged to have fraudulently withheld FSA funds from students during this same time period.  It accomplished this scheme by creating false records that reflected tuition rates above what the student was actually paying.  Pacific College then submitted these false records to DofE in order to obtain FSA funds that it should have credited to the student based on the tuition actually paid, and then reimbursed the students for tuition at an artificially low rate.  Id. ¶ 5.

In October of 2017, the FBI executed search and seizure warrants at Pacific College and seized the asset that is the subject of this

application.[1]  The seizure warrant affidavits set forth evidence establishing that the claimant received proceeds of the fraud scheme. Id. ¶ 6.

DofE subsequently imposed conditions on Pacific College's receipt of FSA funds by placing Pacific College on what is known as Heightened Cash Monitoring 2 ("HCM2") status pursuant to 34 C.F.R. § 668.162.  Murray Decl. ¶ 6.  "Heightened cash monitoring requires participating institution to disburse FSA funds to students and seek reimbursement from the [DofE], instead of the standard funding protocol under which the [DofE] provides the funds directly to the students."  St. Catherine College, Inc. v. King, No. 16-CV-00113-GNS, 2017 WL 1097205 at *1 (W.D. Ky. March 22, 2017).

FBI agents and DofE investigators continue to evaluate the extent of Pacific College's fraudulent conduct.  In any given year, over 300 students are enrolled in Pacific College, so the investigators must review a large number of student records and other documents in order to ascertain the scope of a fraud scheme that was ongoing for at least five years.  Many of the student records contain sensitive information about academic performance and financial status.  Thus far, the investigators have received and are analyzing over 2.7 terabytes of evidentiary data (i.e., the equivalent of over one billion pages) in connection with the investigation.  The investigators are diligently reviewing this information, but the investigation is at a relatively early stage and they will need at

---

[1] Pursuant to court order, the affidavits in support of both the search warrants and the seizure warrants remain under seal. Murray Decl. ¶ 6.

5

least 90 more days to complete it. Murray Decl. ¶ 7.[2]

More importantly, under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any civil forfeiture complaint that the government files must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its [preponderance of the evidence] burden of proof at trial." Supp.R. G(2)(f). A complaint stating such facts is likely to prematurely disclose the scope and direction of the government's pending criminal investigation, and nullify the court-ordered sealing of the search and seizure warrant affidavits. Murray Decl. ¶ 8.

## II. THE STANDARD FOR EXTENDING CIVIL ASSET FORFEITURE REFORM ACT FILING DEADLINE.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), provides that, when an asset is seized for forfeiture and the government opts to commence administrative forfeiture proceedings, the seizing agency must send notice to the owner of the asset within sixty days after the date of seizure. A person wishing to contest the forfeiture may file a claim with the agency. 18 U.S.C. §§ 983(a)(1)(A)(I) & 983(a)(2)(A). The government has 90 days after the submission of a claim to the seizing agency in which to file a complaint for forfeiture. 18 U.S.C. § 983(a)(3)(A). Here, the current deadline for filing a civil forfeiture complaint is March 8, 2018. The Court may extend this deadline for good cause or by agreement of the parties. Id. "[C]ourts have the authority to grant

---

[2] The court in United States ex rel. Singh v. Bradford Regional Medical Center, Civil No. 04-186, 2007 WL 7705584 (W.D. Pa. June 6, 2007 (W.D. Pa. June 6, 2007) found that similar evidence of diligence justified an extension of time for the government to decide whether to intervene in a False Claims Act case. Id. at *3-4.

ex parte applications for time extensions under CAFRA." United States v. Real Property Located at 475 Martin Lane, 545 F.3d 1134, 1144 (9th Cir. 2008).

While the Ninth Circuit has not specifically defined "good cause" in the context of extending the CAFRA deadlines for filing civil forfeiture complaints, it has generally held that the inquiry into whether good cause to extend a deadline exists "focuses on the reasonable diligence of the . . . party [seeking the extension]." Noyes v. Kelly Services, Inc., 488 F.3d 1163, 1174 & n.6 (9th Cir. 2007). In addition, Congress and the courts recognize that good cause exists to extend the complaint filing deadline "where the filing of the complaint, which is required to recite the factual basis in some detail, would reveal facts concerning a pending investigation . . . ." United States v. $140,000 in U.S. Currency, No. 06-CV-3247 (NG)(RLM), 2007 WL 2261650 at *9 (E.D. N.Y. Aug. 2, 2007) (quoting CAFRA legislative history).[3] Thus, good cause exists to extend the deadline for filing a civil forfeiture complaint where the government is diligently conducting a criminal investigation, and the filing of a civil forfeiture complaint would prejudice the investigation by disclosing its scope and direction to the subjects of the investigation. See United States v. $10,160.00 in United States Currency, No. 11-cv-1612 (VLB), 2012 WL 3608578 at *3-4 (D. Conn. Aug. 22, 2012).[4]

---

[3] Congress's recognition in the CAFRA legislative history that a civil forfeiture complaint "recite the factual basis in some detail" is an apparent reference to the "sufficiently detail[ed]" facts requirement of Supplemental Rule G(2)(f).

[4] Other CAFRA provisions reflect Congress's recognition of the important government interest in protecting criminal investigations from premature disclosure. For example, protection of a criminal

**III. GOOD CAUSE EXISTS TO EXTEND THE CAFRA DEADLINE.**

As discussed above, FBI agents and DofE investigators are continuing their investigation of Pacific College's fraudulent conduct. Murray Decl. ¶ 7. And the Supplemental Rules, which govern civil forfeiture pleading requirements, require that a complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its [preponderance of the evidence] burden of proof at trial." Supp.R. G(2)(f). A complaint stating such facts here would have the effect of prematurely disclosing the scope and direction of the government's pending criminal investigation and likely would nullify the court-ordered sealing of the search and seizure warrant affidavits. Murray Decl. ¶ 8.[5] Because this investigation is at a relatively early stage (id.

---

investigation is a basis for judicial extension of the deadline for a seizing agency to provide notice of administrative forfeiture under 18 U.S.C. § 983(a)(1)(A)(i). See Harris v. United States, No. 08-1664, 2010 WL 2370757 at *2 (E.D. Pa. June 8, 2010) (citing 18 U.S.C. § 983(a)(1)(D)(v)). Similarly, if a criminal investigation or prosecution is pending at the time the government files a forfeiture complaint, the government is entitled to a stay if "civil discovery will adversely affect the ability of the Government to conduct [the] related criminal investigation or the prosecution of [the] related criminal case." 18 U.S.C. § 981(g)(1). At this stage of the CAFRA process, the "good cause" standard set forth in 18 U.S.C. § 983(a)(3)(A) provides a sufficient basis to extend the complaint filing deadline for the purpose of protecting the pending criminal investigation. $140,000, supra, 2007 WL 2261650 at *9.

[5] The courts consistently reject attempts to unseal affidavits supporting search and seizure warrants where "unsealing would reveal sensitive information about the [criminal] investigation's nature, scope and direction . . ." (see In re Search Warrants, 221 F.Supp.3d 863, 866 (S.D. Tex. 2016)), particularly where the investigation is at a "relatively early stage." In re Searches and Seizures, No. 08-SW-0361 DAD, 2008 WL 5411772 at *2 (E.D. Cal. Dec. 19, 2008). The government respectfully suggests that $10,160.00, supra, and $140,000, supra, are consistent with the teaching of the cases that reject the premature disclosure of warrant affidavits, particularly when it is considered that a verified civil forfeiture complaint and a warrant affidavit are substantively similar in that both must set forth detailed facts demonstrating probable cause. See generally,

¶ 7), this Court should extend the deadline for filing a civil forfeiture complaint to June 4, 2018. See $10,160.00, supra, 2012 WL 3608578 at *3-4; $140,000, supra, 2007 WL 2261650 at *9.

Claimant may argue in opposition to this application that extending the CAFRA deadline will result in financial hardship. While Congress recognized that under certain circumstances a court may order the return of seized assets based on specific "hardship" criteria (listed at 18 U.S.C. § 983(f)), those criteria are not satisfied here. For example, the CAFRA hardship provision excludes from its coverage currency or monetary instruments unless they are "the assets of a legitimate business, which has been seized." Id. § 983(f)(8)(A). Here, even if Pacific College is assumed to be a legitimate business, the government has not seized the business itself. Accordingly, there is no basis for application of CAFRA's hardship provisions here.

///

///

---

e.g., United States v. Armstrong, 654 F.2d 1328, 1335 (9th Cir. 1981) (search warrant affidavit "sufficiently detail[ed]" to support finding of probable cause).

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant this application and extend to June 4, 2018, the time within which the Government is required to file its complaint for forfeiture against the seized currency.

Dated: March 7, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Frank Kortum
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for
UNITED STATES OF AMERICA

**DECLARATION OF JESSIE T. MURRAY**

I, Jessie T. Murray, being duly sworn, hereby say the following is true based upon my personal knowledge and belief:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 1995. Presently I am assigned full time to investigation in forfeiture related matters.

2. I am familiar with the facts and circumstances described herein, and this declaration is based upon the personal knowledge I have derived from conversations and review of reports and what I believe to be reliable information obtained from a variety of sources. The information contained in this declaration is based upon my personal knowledge and observations, conversations with other law enforcement officers, report of conversations with victims and a review of documents. The conclusions I have reached are based upon my training and experience, my conversations with other federal and state law enforcement investigators with whom I have discussed this case specifically and the principles related to the investigation of financial crimes in general. This declaration does not purport to set forth my complete knowledge or understanding of the facts related to this investigation. Unless specifically indicated otherwise, all conversations and statements described in this declaration are related in substance and in part only.

3. The FBI is investigating allegations that Pacific College operated a scheme to defraud both its students and the United States Department of Education ("DofE"). Pacific College is a for-profit nursing school located in Costa Mesa, California. William Nelson is the President of Pacific College. Ila Nelson and Donna Woo are

directors of Pacific College. Marcus Tromp is an employee of Pacific College.

4. This scheme is alleged to have begun in approximately 2012, and involved, among other things, inflated grades, falsified attendance records, and the issuance of passing grades to failing students. As part of the scheme, Pacific College is alleged to have falsely represented to DofE that the school's students were making satisfactory academic progress and that the school was therefore eligible to receive Federal Student Aid funds ("FSA funds") from DofE. Had DofE known the true facts, it would not have released the FSA funds to Pacific College.

5. Pacific College is also alleged to have fraudulently withheld FSA funds from students during this same time period. It accomplished this scheme by creating false records that reflected tuition rates above what the student was actually paying. It accomplished this scheme by creating false records that reflected tuition rates above what the student was actually paying. Pacific College then submitted these false records to DofE in order to obtain FSA funds that it should have credited to the student based on the tuition actually paid, and then reimbursed the students for tuition at an artificially low rate.

6. In October of 2017, the FBI executed search and seizure warrants at Pacific College and seized $11,770.61 in Account Funds from Bank of America Account No. '3362. Pursuant to the Court's order, the affidavits in support of the search warrants and the seizure warrant remain under seal. The seizure warrant affidavits set forth evidence establishing that Tromp received proceeds of the fraud scheme. DofE subsequently imposed conditions on Pacific

College's receipt of FSA funds by placing Pacific College on what is known as Heightened Cash Monitoring 2 ("HCM2") status pursuant to 34 C.F.R. § 668.162.

7. FBI agents and DofE investigators continue to evaluate the extent of Pacific College's fraudulent conduct. In any given year, over 300 students are enrolled in Pacific College, so the investigators must review a large number of student records and other documents in order to ascertain the scope of a fraud scheme that was ongoing for at least five years. Many of the student records contain sensitive information about academic performance and financial status. Thus far, the investigators have received and are analyzing over 2.7 terabytes of evidentiary data (i.e., the equivalent of over one billion pages) in connection with the investigation. The investigators are diligently reviewing this information, but the investigation is at a relatively early stage and the investigators will need at least 90 more days to complete it.

8. A civil forfeiture complaint that sets forth detailed facts will likely cause premature disclosure of the scope and direction

///

///

///

of the government's pending criminal investigation and would nullify the court-ordered sealing of the search warrant and seizure warrant affidavits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of March, 2018 in Santa Ana, California.

*[signature: Jessie Murray]*

Jessie T. Murray
Special Agent
Federal Bureau of Investigation

Exhibit "A"

## Kortum, Frank (USACAC)

| | |
|---|---|
| **From:** | Thomas Brown <tbrown@brownwhitelaw.com> |
| **Sent:** | Thursday, March 1, 2018 11:18 AM |
| **To:** | Kortum, Frank (USACAC) |
| **Subject:** | Pacific College and Marcus Tromp |

Frank,

I spoke to my client about your request to extend for 90 days from March 8, 2018 the filing of your complaint for forfeiture. My client declines to do so for the following reasons:

He and is family are suffering extreme financial hardship from the government's seizure of his savings account. His pay was substantially reduced by Pacific College because of the government's seizures of the college's funds and its inability to meet its operating costs. Marcus and his family do not have sufficient funds to meet their monthly financial obligations and living expenses for food, housing, educational expenses, insurance, and other basic needs. Marcus needs the government to return his seized funds immediately to avoid financial ruin.

The government supposedly had probable cause to seize his bank account. If so, the government does not need additional time to prepare a forfeiture complaint.

If you are inclined to seek judicial relief to extend the deadline, please insert our opposition and reason into your moving papers and please serve us with them as we intend to file a written opposition.

Best regards,
Tom


BROWN WHITE & OSBORN LLP
ATTORNEYS

Thomas M. Brown
Managing Partner
Brown White & Osborn LLP
333 S. Hope St., 40th Floor
Los Angeles, CA  90071
Direct: 213-613-9494
Cell: 213-712-6155
Fax: 213-613-0550
Main: 213-613-0500
tbrown@brownwhitelaw.com
www.brownwhitelaw.com


Martindale-Hubbell
AV PREEMINENT
Peer Rated for Highest Level of Professional Excellence

**CERTIFICATE OF SERVICE**

I, Angie Agsalog, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, 14th Floor, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on **March 7, 2018**, I deposited in the United States mail at the United States Courthouse in the above-titled action, in an envelope bearing the requisite postage, a copy of: **EX PARTE APPLICATION TO EXTEND THE CIVIL FORFEITURE COMPLAINT FILING DEADLINE and [PROPOSED] ORDER** and that service was:

| | | | |
|---|---|---|---|
| ☐ | Placed in a closed envelope for collection and inter-office delivery, addressed as follows: | ☒ | Placed in a sealed envelope for collection and mailing via USPS, addressed as follows: |
| ☐ | By hand delivery, addressed as follows: | ☐ | By facsimile, as follows: |
| ☐ | By messenger, as follows: | ☒ | Sent by E-Mail, as follows: |

Thomas M. Brown
Brown, White & Osborn LLP
333 S. Hope Street, 40th Floor
Los Angeles, CA 90071
tbrown@brownwhitelaw.com

at their last known addresses.

This Certificate is executed on **March 7, 2018**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
Angie Agsalog
Paralegal